UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DESHARIO JOHNSON-ROSSER, #834628,

        Petitioner,                      Case No. 18-10592

v.                                    Honorable Thomas L. Ludington

ERICK BALCARCEL,

        Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**

Michigan prisoner Deshario Johnson-Rosser ("Petitioner"), currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Kent County Circuit Court conviction for first-degree criminal sexual conduct for which he was sentenced as a fourth habitual offender to 30 to 60 years imprisonment in 2015. In his pleadings, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to sufficiently cross-examine the six-year-old victim. For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,

Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden. The record indicates that he raised his habeas claim on direct appeal before the Michigan Court of Appeals and was denied relief. *People v. Johnson-Rosser*, No. 328760 (Mich. Ct. App. Nov. 17, 2016). There is no indication, however, that he

filed an application for leave to appeal with the Michigan Supreme Court. He has thus failed to fully exhaust state court remedies before seeking federal habeas relief.

Petitioner has an available state court remedy to challenge his conviction which must be exhausted before he seeks federal habeas review. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through both of the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III.

For the reasons stated, the Court concludes that Petitioner has not properly exhausted his habeas claim in the state courts.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate

the correctness of the Court's procedural ruling. Accordingly, a certificate of appealability will be denied. Because an appeal could not be taken in good faith, Petitioner will also be denied leave to proceed in forma pauperis. *See* Fed. R. App. P. 24(a).

Accordingly, the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. The Court makes no determination as to the merit of Petitioner's claim.

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 31, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager